UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

 NICHOLAS OUDEKERK,

                                    Plaintiff,

            v.                                                    9:25-CV-1747
                                                                  (AJB/MJK)

C.O. CHINIAK,

                                    Defendant.
_____

APPEARANCES:

NICHOLAS OUDEKERK
Plaintiff, pro se
15509
Warren County Correctional Facility
1400 State Route 9
Lake George, New York 12845

ANTHONY J. BRINDISI
United States District Judge

## DECISION and ORDER

## I.      INTRODUCTION

Plaintiff Nicholas Oudekerk commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP").  Dkt. No. 1, Complaint ("Compl."); Dkt. No. 5, IFP Application.  By Decision and Order entered on January 20, 2026, this Court granted plaintiff's IFP Application, and following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), dismissed plaintiff's Fourteenth Amendment

1

excessive force claim without prejudice and with leave to amend.  *See generally* Dkt. No. 4, Decision and Order ("January 2026 Order").

Presently before the Court is plaintiff's amended complaint.  Dkt. No. 8, Amended Complaint ("Am. Compl.").

**II.     SUFFICIENCY OF THE AMENDED COMPLAINT**

**A.     The Complaint and January 2026 Order**

In the complaint, plaintiff asserted claims based on alleged wrongdoing during his incarceration at the Warren County Correctional Facility as a pretrial detainee.  *See* Compl. More specifically, plaintiff's claim was based allegations that he was assaulted by Corrections Officer Chiniak ("Chiniak") on December 2, 2025, and, consequently, suffered an injury to his shoulder.  *Id*. at 5-6.

The complaint was liberally construed to assert a Fourteenth Amendment excessive force claim.  *See* December 2026 Order at 6.  Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), plaintiff's claim was dismissed without prejudice for failure to state a claim upon which relief may be granted.  *Id*. at 5-8.

**B.     Review of the Amended Complaint**

Because plaintiff is proceeding in forma pauperis and is an inmate suing one or more government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the January 2026 Order and it will not be restated herein.  *See* January 2026 Order at 2-4.

2

The allegations in the amended complaint are materially similar to the allegations in the original complaint, with one notable exception.  The amended complaint includes additional details regarding the use-of-force incident on December 2, 2025.  The following facts are set forth as alleged in the amended complaint.

On December 2, 2025, all incarcerated individuals assigned to D pod, including the plaintiff, were ordered to return to their cells.  Am. Compl. at 5.  Plaintiff arrived at his cell and opened the door to enter, when he thought he heard a nearby corrections officer address him.  *Id.*  Plaintiff turned to ask for clarification, and was awaiting a response, when Chiniak approached him and directed him to enter his cell.  *Id.*  Plaintiff explained that the other officer had said something to him that he did not understand, and Chiniak responded that "he didnt care[.]"  *Id.*  Plaintiff responded that Chiniak's job responsibilities included "care, custody[ and] control [and since] the other officer said something to [plaintiff] that [he] didnt understand [Chiniak] better start caring because thats part of [his] job[.]"  *Id.* at 5-6.  Immediately thereafter, Chiniak pushed plaintiff into his cell, causing plaintiff to fall on the floor and injure his right shoulder.  *Id.* at 6, 8.

That evening, plaintiff was taken to Glens Falls Hospital for x-rays.  Am. Compl. at 6. The doctor showed plaintiff the x-ray films and explained what the bones in his shoulder should look like and how they should function; however, the doctor noted that there was an unusually large gap between two of plaintiff's shoulder bones which indicated a "tourn AC[.]" *Id.*[1]  Consequently, plaintiff was medically ordered to use a sling to immobilize his right shoulder.  *Id.* at 7.

---

[1]  Plaintiff further elaborated on his understanding of the injury, explaining that a healthy and normal "AC would pull these t[w]o bones closer together as an AC in the shoulder works as a rubber band that keeps these 2 shoulder bones

Plaintiff wore the sling "until the day [he] was released from jail [and] even after . . . [he] continued to need the sling."  Am. Compl. at 7.  Plaintiff stated that for the month following the injury, he experienced varying levels of pain, ranging from a six to a nine on the pain scale.  *Id.* at 8, 11.  The pain prevented plaintiff from sleeping, sometimes waking him in the middle of the night.  *Id.* at 8.  Further, because the injury impacted his dominant hand, plaintiff was unable to eat normally or comb and care for his hair.  *Id.*  Plaintiff continues to experience "clicks & . . . popping sound[s] every so often," and pain in his shoulder during cold weather, as well as developing "2 perminiate lumps on [his] right shoulder an perminate disfigurment to [his] right shoulder as a direct resalt to the injury[.]"  *Id.* at 11.

Plaintiff received a misbehavior report for failing to enter his cell; however, a formal disciplinary hearing never occurred, thus, plaintiff was never found guilty of the accusations.  Am. Compl. at 10, 12.  Moreover, plaintiff never admitted guilt.  *Id.*  Accordingly, plaintiff concludes "there was no reason fo[r] C.O. Chiniak to be at [plaintiff's] cell & no reason for C.O. Chiniak to touch/push [him]."  *Id.* at 10.

The Court liberally construes the allegations in the amended complaint to assert a Fourteenth Amendment excessive force claim.  For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

**C.    Analysis**

Plaintiff brings this action pursuant to Section 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537,

---

pulld closly together[.]"  Am. Compl. at 6-7.  Plaintiff also noted that an unnamed corrections officer, Harrington, was present with him during the hospital visit and heard the doctor's explanation of plaintiff's injury.  *Id.* at 7.

573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 6:95-CV-0272 (TJM/RWS), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights." (citation omitted)).  "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

The legal standard governing an excessive force claim was discussed at length in the January 2026 Order and will not be restated herein.  *See* January 2026 Order at 6-7.  At this stage of the proceeding, and mindful of the Second Circuit's directive that a pro se plaintiff's pleadings must be liberally construed, *see Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that plaintiff's excessive force claim against Chiniak survives sua sponte review and requires a response.  In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed dispositive motion.

## III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint, Dkt. No. 8, is accepted for filing and will supersede and replace the original complaint as the operative pleading; and it is further

**ORDERED** that plaintiff's Fourteenth Amendment excessive force claim **SURVIVES sua sponte review** and requires a response; and it is further

**ORDERED** that the Clerk shall issue summonses and forward them, along with two copies of the amended complaint, to the United States Marshal for service upon Chiniak; and it is further

**ORDERED** that upon the completion of service, a response to plaintiff's amended complaint be filed by defendant Chiniak, or his counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court.  Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action; and it is further

**ORDERED** that the Clerk of the Court shall provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated:  June 30, 2026

Utica, New York

Anthony J. Brindisi
U.S. District Judge

6